STATE v. JAMES W. OATES.

(Filed 30 September, 1964.)

**1. Constitutional Law § 32—**

Where defendant does not request or desire counsel, it is not required that he be represented by counsel in a trial for a misdemeanor.

**2. Criminal Law § 131—**

Sentences upon conviction of separate misdemeanors of 12 months on each warrant, the sentences to run consecutively, are not excessive.

APPEAL by defendant from *Clarkson, J.,* January 27, 1964, Criminal Session of CLEVELAND.

Criminal prosecutions on eleven warrants. Each warrant charged defendant with the criminal offense (issuance of a worthless check) defined in G.S. 14-107.

On each of five warrants, defendant was tried originally in the Kings Mountain Recorder's Court, found guilty and appealed from the judgments pronounced in said court to the Superior Court of Cleveland County. These cases are identified on the superior court records as Nos. 5535, 5535-A, 5535-B, 5535-C and 5535-D.

The original hearing on each of the other six warrants was in the Cleveland County Recorder's Court. To each of these warrants, defendant pleaded guilty or *nolo contendere.* From the judgments pronounced in said court, defendant appealed to the Superior Court of

Cleveland County. These cases are identified on the superior court records as Nos. 5536, 5536-A, 5536-B, 5536-C, 5536-D and 5536-E.

In the superior court, "in his own proper person and without legal counsel, having heard the said warrants read, the said defendant James W. Oates entered a plea of Guilty in each case to uttering worthless checks in the sum of less than fifty dollars."

Upon said guilty pleas, the court entered judgments as follows:

*"Cases Nos. 5535, 5535-A, 5535-B, 5535-C, 5535-D, and 5535-E (sic) are consolidated for judgment:* It is the judgment of the Court that the defendant be confined in the common jail of Cleveland County for twelve (12) months, and assigned to work under the supervision of the State Prison Department.

*"Cases Nos. 5536, 5536-A, 5536-B, 5536-C, and 5536-D are consolidated for judgment:* It is the judgment of the Court that the defendant be confined in the common jail of Cleveland County for twelve (12) months, and assigned to work under the supervision of the State Prison Department, this sentence to run at the expiration of the sentence imposed in Nos. 5535, 5535-A, 5535-B, 5535-C, 5535-D and 5535-E *(sic);* to run consecutively and not concurrently."

Defendant, in open court, appealed to the Supreme Court of North Carolina. Defendant stated in writing he did not need or want the services of a lawyer in connection with his appeal. However, he applied for leave to appeal *in forma pauperis.* Judge Clarkson entered two orders: (1) That Cleveland County pay the necessary costs for a transcript of the proceedings in the superior court and for preparing records and briefs for filing in the Supreme Court; and (2) "that the law firm of Horn, West & Horn be appointed as attorneys for the Clerk of Superior Court for the purpose of taking care of all legal transactions required in the appeal of the above entitled case, to serve as attorneys for the said Clerk of Superior Court, and not as attorneys for the defendant, and that upon the rendering of said services the said law firm be paid for services rendered as ordered in a later order." Thereafter, a record on appeal was prepared, mimeographed and filed in this Court. It contains a stipulation signed by defendant to the effect that it constitutes the case and record on appeal.

*Attorney General Bruton and Assistant Attorney General Sanders for the State.*

*No counsel contra.*

PER CURIAM. The record, as prepared by the clerk of the superior court with the assistance of said court-appointed counsel, sets forth as assignments of error: "1. Failure of the Court to appoint an attorney to protect the defendant's interests in the trial court, as shown by EXCEPTION #1," and "2. The action of the Court in giving the defendant two consecutive twelve months' sentences, and signing a judgment to that effect, as shown by EXCEPTION #2."

With reference to Assignment of Error #1: Nothing in the record indicates defendant requested or desired that Judge Clarkson appoint counsel to represent him in the superior court. With reference to Assignment of Error #2: Under G.S. 14-107, as applicable in Cleveland County, each offense is a general misdemeanor. Upon the record before us, the assignments of error are without merit and the judgments must be and are affirmed.

Affirmed.